UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

TRAVION DAVENPORT,

      Plaintiff,

                                CASE NO.:   2:14-cv-243-WCO

vs.

GARBAGE HOUND
SANITATION, LLC, A
GEORGIA LIMITED LIABILITY
COMPANY,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TRAVION DAVENPORT, by and through the undersigned attorney, sues the Defendant, GARBAGE HOUND SANITATION, LLC, a Georgia Limited Liability Company, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, unpaid minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff worked as a garbage worker for Defendant for about four months from March 2014 to June 2014.

1

3. Plaintiff was paid $8.50 per hour by Defendant for his work performed.

4. Defendant, GARBAGE HOUND SANITATION, LLC, is a Georgia Limited Liability Company that operates and conducts business in Banks County, Georgia and is therefore, within the jurisdiction of this Court.

5. This action is brought under the FLSA to recover from Defendant overtime compensation, minimum wages, , liquidated damages, and reasonable attorneys' fees and costs.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

7. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

8. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

9. Included in such goods, materials and supplies were garbage trucks, tools, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

10. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

11. At all times relevant to this action, Defendant failed to comply with the FLSA by only paying Plaintiff a maximum of 40 hours per week even though Plaintiff routinely worked overtime hours.

12. During his employment with Defendant, Plaintiff was paid $8.50 per hour for only 40 hours per week.

13. Even though Plaintiff routinely worked overtime hours, Plaintiff was paid no overtime compensation in addition to the $8.50 per hour for 40 hours per week.

14. Additionally, in many weeks, Plaintiff was required to work so many hours that the compensation he did receive divided by his actual hours worked caused his regular rate of pay fell below the applicable minimum wage.

15. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

16. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-15 above.

17.   Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

18.   During his employment with Defendant, Plaintiff routinely worked overtime hours but was not paid any overtime compensation in addition to the regular $8.50 per hour he was paid for only 40 hours.

19.   As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

20.   As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

21.   Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, TRAVION DAVENPORT, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

22.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-15 above.

23.   Plaintiff was entitled to be paid the minimum wage for each hour

worked during his employment with Defendant.

24. Because Plaintiff was only paid a maximum of $340 in one week (40 hours x $8.50/hr), when Plaintiff worked more than 47 hours in one week his regular rate of pay fell below the minimum wage, violating the FLSA.

25. As a result of Defendant's willful practice, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant.

26. Plaintiff sent a demand letter to Defendant seeking these unpaid wages, but Defendant has refused to respond to the letter or pay the amounts owed.

27. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, TRAVION DAVENPORT, demands judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 20th day of October, 2014.

_____
C. Ryan Morgan, Esq.
Georgia Bar No. 711884

        Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
Attorneys for Plaintiff

6