IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA,
GAINESVILLE DIVISION

| | | |
|---|---|---|
| TRAVION DAVENPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: |
| | ) | 2:14-CV-243-(WCO) |
| GARBAGE HOUND SANITATION, | ) | |
| LLC, a Georgia Limited Liability | ) | |
| Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff, Travion Davenport ("Plaintiff") and Defendant, Garbage Hound Sanitation, LLC ("Defendant") hereby request approval of the Parties' executed Settlement Agreement, attached hereto as Exhibit "A". Because Plaintiff's action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement must be approved by this Court and the Parties request that the approval be entered as a stipulated final judgment (proposed order attached as Exhibit "B").

**I.     Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under

the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  See 29 U.S.C. 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. Id.; see also Sculte, Inc. v. Gandi, 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); Jarrad v. Southeastern Shipbuilding Corp. 163 F.2d 960, 961 (5th Cir. 1947).  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendant.  The proposed settlement arises out of an action brought by Plaintiff against his former employer, which was adversarial in nature.

The Parties agreed that the instant action involved disputed issues, including (1) the amount of time spent on the activities at issue and (2) whether Plaintiff was properly compensated for such activities.  Plaintiff and his counsel discussed Plaintiff's alleged unpaid wages and formulated their own proposed settlement figures.  In reaching this proposed settlement, Plaintiff's counsel considered the potential value of Plaintiff's claims, and based on his assessment of the evidence, concluded that the proposed settlement terms reflect a fair, adequate, and reasonable settlement for his client in all respects.  In reaching this conclusion, Plaintiff's counsel appropriately considered the risk of litigation through trial and appeal, including and not limited to (1) the difficulty in Plaintiff proving the hours allegedly worked; (2) Defendant's potential "gap time" defenses; and (3) a verdict adverse in whole or in part on the issues of liability or damages.

If Plaintiff was completely successful on his overtime claim, he would be entitled to $1,753.13 in overtime damages.[1]  During this litigation, Defendant produced an affidavit from Plaintiff's supervisor that averred that he and Plaintiff did not work overtime hours.  As such, a factual dispute arose that could only be resolved by a jury.

The Parties then engaged in settlement discussions, and through their attorneys, voluntarily agreed to the terms of this proposed settlement during such negotiations.  All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.  Plaintiff will receive $1,500 in total damages per the settlement, and all Parties agree this is a fair and reasonable resolution of his case given the factual disputes between the Parties.  Plaintiff's counsel seeks approval of $2,500.00 in attorney's fees and costs as described in Paragraph 3 of the executed Settlement Agreements attached hereto collectively as Exhibit "A".  The Parties agree that this amount is appropriate and was negotiated separate and apart from Plaintiff's FLSA claims. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (holding that if the parties "represent[] that the plaintiff's attorneys' fee was agreed upon separately

---

[1] Plaintiff claimed he worked 50-55 hours per week.  His damage calculation based on this allegation is as follows:  11 weeks of employment x 12.5 overtime hours per week x $12.75/hr (overtime rate) = $1,753.13.

and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.")

The Parties believe their individual positions have merit, however, neither side believes prevailing in the litigation is a certainty, either at the trial or appellate level. Thus, taking into account the uncertainty and risk inherent in this litigation, and the costs and time which would be required to pursue the litigation further, the Parties decided that it is desirable and beneficial to settle the litigation in the manner set forth in the Settlement Agreement. All Parties further agreed that the proposed settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.

## II. Conclusion.

Wherefore, the Parties respectfully request that this Court approve their Settlement Agreement and dismiss the instant action as well as any and all other pending claims between them with prejudice.

Respectfully submitted this 22nd day of December, 2014.

| | |
|---|---|
| /s/ C. Ryan Morgan_____ | /s/ Roy E. Manoll, III_____ |
| **C. Ryan Morgan** | **Roy E. Manoll, III** |
| Georgia Bar No. 711884 | Georgia Bar No. 469710 |
| Morgan & Morgan, P.A. | Fortson, Bentley and Griffin, P.A. |
| 20 N. Orange Ave., 16th Floor | 2500 Daniell's Bridge Road |
| P.O. Box 4979 | Building 200, Suite 3A |
| Orlando, FL 32802-4979 | Athens, GA  30606 |
| (407) 420-1414 | (706) 548-1151 |
| RMorgan@forthepeople.com | rem@fbglaw.com |
| Counsel for Plaintiff, | Counsel for Defendant, |
| Travion Davenport | Garbage Hound Sanitation, LLC |

# **CERTIFICATE OF SERVICE**

This is to certify that pursuant to Fed. R. Civ. Pro. 5(d), I have this day served counsel for the Plaintiff in the above-referenced matter with copies of the Joint Motion for Approval of Settlement Agreement and proposed Order in the above-captioned case by using the CM/ECF system.  The following attorney of record will be notified of this event by the court via e-mail:

    C. Ryan Morgan
    RMorgan@forthepeople.com

    This 22nd day of December, 2014.

                                        /s/ Roy E. Manoll, III
                                        Roy E. Manoll, III
                                        Attorney for Defendant